Dear Sirs:
We received your request for an opinion regarding a lease/purchase agreement entered into by the City of Bogalusa and a private corporation, Service Zone, Inc. You request our opinion as to the legality of the agreement, particularly the rent to be paid by the lessee, Service Zone, Inc. to the City of Bogalusa, the lessor.
Please note that our opinion is limited solely to the legality or validity of the rent agreed upon by the parties. We will not render an opinion on the legality of the remaining items contained in the agreement. Counsel for the parties are in a better position to do so and we recommend that you obtain their opinion on those issues.
According to the information provided in the request, the City of Bogalusa entered into this contract pursuant to La.R.S. 33:4717.2 which permits any municipality to sell, lease, or otherwise dispose of, to any enterprise, all or any part of an industrial plant site, building, port, harbor, or terminal facility, or other property owned by it for industrial inducement purposes. Again, for the sake of this opinion, we will assume that the City of Bogalusa has complied with all requirements set forth in La.R.S. 33:4717.2.
The lease/purchase agreement, in Section 3, provides that the rent to be paid by the lessee to the lessor is ten percent, per year, of the final cost of the building and land not to exceed $3,000,000.00. The agreement further provides that the rent may be paid in cash or in the form of economic impact credits equal to the gross annual payroll at the leased premises times four percent. The economic impact credit used in the agreement was calculated by the Louisiana Department of Economic Development.
Because the agreement utilizes public funds, or as in this case public assets, it must be addressed in light of Article VII, Section 14 of the Louisiana Constitution which prohibits the donation of public funds or assets. Article VII, Section 14 has been interpreted to mean that the State or any of its political subdivisions may not give up anything of value when it is under no obligation to do so. City of Port Allen v.Louisiana Municipal Risk Agency, 439 So.2d 399 (La. 1983).
Thus, the issue is whether the rent specified in the agreement is commensurate with the value of the use of the building and land. The rent is based upon a percentage of the final cost of the building and land by the lessee. It may be paid in cash or in the form of economic impact credits. You indicate that the Louisiana Department of Economic Development calculated the economic impact credit. Our office is not in a position to determine if the economic impact credit is accurate. We defer to the Louisiana Department of Economic Development on this issue and, for the sake of this opinion, we will assume that the credit is accurate. As such, we conclude that the rent does not violate ArticleVII, Section 14 of the Louisiana Constitution assuming the rent is an accurate account of the value of the use of the building and land at issue.
We trust this adequately responds to your request. If you have any questions or comments, please contact our office.
With kindest regards, I am
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: ______________________________ TINA VICARI GRANT Assistant Attorney General
RPI/TVG/dam
Date Released: November 15, 2001